962 So.2d 1046 (2007)
Mark R. HURLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1691.
District Court of Appeal of Florida, Fifth District.
August 17, 2007.
Mark R. Hurley, Wewahitchka, pro se.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Mark R. Hurley ["Hurley"] appeals the denial of his rule 3.850 motion for postconviction relief following an evidentiary hearing in which he asserted seven grounds for his claim that his trial counsel was ineffective.
In 2001, Hurley was convicted by a jury of capital sexual battery and sentenced to life imprisonment without the possibility of parole. This Court affirmed his conviction. See Hurley v. State, 849 So.2d 319 (Fla. 5th DCA 2003). This Court also affirmed the denial of his 3.853 motion for postconviction DNA testing. See Hurley v. State, 871 So.2d 246 (Fla. 5th DCA 2004).
On May 10, 2004, Hurley filed the current 3.850 motion for postconviction relief in the trial court. The trial court set grounds I, III, IV and V for evidentiary hearing and summarily denied the rest. At the conclusion of the evidentiary hearing, the trial court denied Hurley the requested relief. We find no error except in the summary denial of ground VI.
In ground VI, Hurley asserted that his trial counsel was ineffective for failing to move for a mistrial or object to portions of the State's closing argument. The trial court summarily denied this claim, ruling that claims of prosecutorial misconduct must be raised on direct appeal and are procedurally barred from consideration in a 3.850 motion for postconviction relief.
The trial court was correct that the claims of prosecutorial misconduct in closing must be raised on direct appeal, not as a postconviction claim. See, e.g., Lamarca v. State, 931 So.2d 838, 851 n. 8 (Fla.2006). However, Hurley's claim that his trial counsel was ineffective for failing to object to these remarks is properly raised by postconviction motion. See Bell v. State, ___ So.2d ___, 32 Fla. L. Weekly S307, 2007 WL 1628143 (Fla. June 7, 2007). The trial court erred in refusing to examine it.
REVERSED and REMANDED.
ORFINGER and TORPY, JJ., concur.